Case 1:21-cr-00541-CM Document 98 Filed 08/13/26 Page 1 of 2

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 8-14-26

MEMO ENDORSED

August 13, 2026

8-14-26
Granted
Colleen McMahon

**BY ECF**
The Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Ramona Rodriguez, No. S1 21 Cr. 541 (CM)**

Dear Judge McMahon:

The Government respectfully writes to request that the Court authorize the release of certain Pretrial Services records to the Government as evidence in this prosecution. Specifically, the Government requests the release of: (1) screenshots of any WhatsApp communications between Pretrial Services and defendant Ramona Rodriguez on or after March 1, 2022; and (2) a screenshot of the contact information for the WhatsApp account that Rodriguez used to communicate with Pretrial Services. If the application is granted, the Government will produce any materials it receives to the defense. The defense does not object to this application.

Rodriguez is charged in this case with narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and bail jumping, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i). The bail jumping charge arises from Rodriguez's failure to appear before the Court on March 10, 2022. At the conference that day, the Court stated that it had received the following information from Pretrial Services:

> On March 8, 2022, Pretrial Services received a phone call from Special Agent Garrett Hassett from the F.B.I. who informed that the F.B.I. had received information from a source that the defendant had fled to the Dominican Republic on March 8, 2022 in order to avoid prosecution; . . . that the defendant had used a fraudulent Dominican passport under the alias Katherine Silva, . . . , with Dominican Passport Number RD6385306.
>
> On March 8, Pretrial Services attempted to make phone contact with the defendant several times. Each call went straight to voice mail.
>
> Phone contact was also attempted through What's App, which displayed "last seen" activity that morning at 6:15 a.m.

Case 1:21-cr-00541-CM Document 98 Filed 08/13/26 Page 2 of 2



> Pretrial attempted to conduct a field visit at the defendant's residence [in the Bronx]. There was no answer. Pretrial Services left a business card on the defendant's door. No contact has been received since that date. . . . The defendant last reported to Pretrial Services via text message on March 1, 2022. She failed to report via phone on March 8, 2022.

(Dkt. 64 at 3-5). The Government understands from Pretrial Services that it still has its WhatsApp messages, but not its regular text messages, with Rodriguez during this timeframe.

Pursuant to 18 U.S.C. § 3153(c)(2), the Director of the Administrative Office of the U.S. Courts has issued regulations governing the release of confidential Pretrial Services information. As relevant here, Section 240.20.30(b)(5) of the Guide to Judiciary Policy[1] provides that "[a]fter giving due consideration to any promises of confidentiality to sources of pretrial services information and any harm to any person that might result from disclosure of pretrial services information, the judge may order disclosure of such information to law enforcement agencies for the following purposes: (A) Investigation of a crime committed in the course of obtaining or maintaining pretrial release; (B) Investigation of a failure to appear for the criminal judicial proceeding with respect to which pretrial services were provided; [or] (C) Investigation of a violation of a condition of pretrial release."

Pretrial Services' WhatsApp communications with Rodriguez on or after March 1, 2022, which reflect its efforts to contact Rodriguez and her lack of response, is evidence of Rodriguez's bail jumping. The communications are therefore relevant to the law enforcement investigation of Rodriguez's crimes in the course of maintaining pretrial release, of her failure to appear, and of her violation of her conditions of pretrial release. Disclosure of this limited information would not implicate any promises of confidentiality to sources or harm to other persons. The Court should therefore order its release.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

by: ______________________
Alexander Li / Danielle Kudla
Assistant United States Attorneys
(212) 637-2265 / -2304

cc: Cory Garcia, Esq. (by ECF)

---

[1] The regulation is available at: https://www.uscourts.gov/administration-policies/judiciary-policies/confidentiality-regulations-pretrial-services-information (last visited Aug. 11, 2026).